1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

**O**

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

SUCHART THONGNOPPAKUN,          )          Case No. CV11-08063-ODW(MANx)
                                )
                Plaintiff,      )          ORDER **GRANTING**
                                )          DEFENDANT'S MOTION TO
v.                              )          DISMISS [21]
                                )
AMERICAN EXPRESS BANK, a Utah )
Corporation; BLEIER & COX LLP, a )
California Limited Liability Partnership; )
and DOES 1 - 10,               )
                                )
                Defendants.     )
_____ )

20    Presently before the Court is Defendant American Express Centurian Bank's

21  ("American Express" or "Defendant") Motion to Dismiss Plaintiff Suchart

22  Thongnoppakun's ("Plaintiff") First Amended Complaint ("FAC") and Motion to Strike

23  Portions of Plaintiff's FAC. (Dkt. No. 21.)  Having considered the papers filed in support

24  of and in opposition to the instant Motion, the Court deems the matter appropriate for

25  decision without oral argument.  Fed. R. Civ. P. 78; C. D. Cal. L. R. 7- 15.  Because

26  Plaintiff has not filed any opposition, and for the reasons discussed in Defendant's papers,

27  the Court **GRANTS** Defendant's Motion to Dismiss **WITH PREJUDICE**.

28

1

1    Central District of California Local Rule 7-9 requires an opposing party to file an
2  opposition to any motion at least twenty-one (21) days prior to the date designated for
3  hearing the motion.  C. D. Cal. L. R. 7-9.  Additionally, Local Rule 7-12 provides that
4  "[t]he failure to file any required paper, or the failure to file it within the deadline, may be
5  deemed consent to the granting or denial of the motion."  C. D. Cal. L. R. 7-12.

6    The hearing on Defendant's Motion was set for March 12, 2012.  Plaintiff's
7  opposition was therefore due by February 20, 2012.  Because February 20, 2012, was a
8  national holiday, Plaintiff's opposition was due on February 21, 2012.  *See* Fed. R. Civ.
9  P. 5(a)(1)(C).  As of the date of this order, Plaintiff has failed to file an opposition, nor any
10  other filing that could be construed as a request for a continence.  Plaintiff's failure to
11  oppose may therefore be deemed consent to the granting of Defendant's Motion.
12  Nevertheless, the Court proceeds to remark briefly on the procedural background of this
13  case and substantive merits of Defendants' Motion.

14    On September 28, 2011, Plaintiff filed a Complaint in this Court alleging various
15  claims arising out of a default judgment entered against him by American Express for an
16  account Plaintiff claims was fraudulently opened in his name.  (Compl. ¶ 7.)  Plaintiff's
17  Complaint alleged, among other things, claims unfair debt collection practices, fraud,
18  defamation of credit, RICO, and intentional infliction of emotional distress.

19    On November 28, 2011, Defendant filed a motion to dismiss Plaintiff's Complaint,
20  which Plaintiff failed to oppose. (Dkt. Nos. 7, 13.)  Accordingly, on January 10, 2012, the
21  Court granted Defendant's motion to dismiss and granted Plaintiff ten days' leave to
22  amend. (Dkt. No. 15.)  On January 18, 2012, Plaintiff successfully filed his FAC within
23  the ten days granted for leave to amend. (Dkt. No. 16.)  Nevertheless, Plaintiff has once
24  again failed to oppose Defendant's instant Motion to Dismiss, which constitutes Plaintiff's
25  second failure to oppose a motion to dismiss in as many months.

26    Despite Plaintiff's apparent disinterest in participating in motion practice in this
27  case, the Court has carefully considered Defendant's arguments in support of its motion
28  and agrees that Plaintiff's FAC is once again insufficient to withstand a motion to dismiss.

Of particular note, Plaintiff's fraud claims continue to fall short of the requisite specificity required under Federal Rule of Civil Procedure 9(b). *See Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) ("It is well established in the 9th Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirements.")

Plaintiff likewise fails to plead a viable claim for intentional infliction of emotional distress claim. In order to plead a claim for intentional infliction of emotional distress, Plaintiff must alleged conduct that is "so extreme and outrageous as to exceed all bounds of that usually tolerated in a civilized society." *Wilkins v. Nat'l Broad. Co.*, 71 Cal. App. 4th 1066, 1087 (1999) (quoting *Trerice v. Blue Cross of Cal.*, 209 Cal. App. 3d 878, 883 (1989)) (internal quotations omitted). The facts, as stated in Plaintiff's FAC, are devoid of sufficient detail to rise to the level of outrageous conduct on the part of the Defendants.

Plaintiff's cause of action for unfair competition under California Business and Professional Code section 17200 similarly lacks sufficient factual allegations to withstand a Rule 12(b)(6) dismissal. "A plaintiff alleging unfair business practices under these statutes must state with reasonable particularity the facts supporting that statutory elements of the violation." *Khoury v. Maly's of Cal. Inc.*, 14 Cal. App. 4th 612, 619 (1993). In his FAC, Plaintiff refers to "collection activities" engaged in by the Defendants (FAC ¶ 63), however, does not give the requisite factual particularity to support this claim.

On a procedural note pertaining to Plaintiff's sixth cause of action, "[t]here is no cause of action in California for unjust enrichment." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1370 (2010) (quoting *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003). Although plaintiff may not pursue a claim of unjust enrichment, he may seek restitution. *Pelletier v. Pacific WebWorks, Inc.*, No. CIV S-09-3503 KJM KJN, 2012 WL 43281, at *6 (E.D. Cal. Jan. 9, 2012). Additional, more complete support for the Court's dismissal of Plaintiff's FAC may be found in Defendants' moving papers

In sum, Plaintiff's failure to timely oppose Defendants' Motion to Dismiss—for the second consecutive time—may be deemed consent to the granting of Defendant's Motion.

1    *See* C. D. Cal. L. R. 7-12.  Nevertheless, the Court has carefully considered Defendant's

2    arguments in support of its Motion.  For the foregoing reasons, and for the additional

3    reasons stated more fully in Defendant's Motion to Dismiss, the Court **GRANTS**

4    Defendant's Motion to Dismiss Plaintiff's FAC as to Defendant American Express.[1]

5    Plaintiff's claims against American Express are hereby **DISMISSED WITH**

6    **PREJUDICE**.  Because the Court grants Defendant's Motion to Dismiss, Defendant's

7    Motion to Strike is rendered moot.  The March 12, 2012 hearing on this matter is

8    **VACATED**, and no appearances are necessary.

9

10         **IT IS SO ORDERED.**

11         February 27, 2012

12         _____

13              HON. OTIS D. WRIGHT II

14         UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

_____

28         [1]This order has no bearing on the viability of Plaintiff's FAC as to Defendant Bleier & Cox,

LLP.

4