O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCHART THONGNOPPAKUN,<br><br>  Plaintiff,<br>  v.<br>AMERICAN EXPRESS BANK, a Utah Corporation; BLEIER & COX LLP, a California Limited Liability Partnership; and DOES 1–10,<br><br>  Defendants. | Case No. 2:11-cv-08063-ODW (MANx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [27]** |

  Presently before the Court is Defendant Bleier & Cox, LLP's ("Bleier") Motion to Dismiss Plaintiff Suchart Thongnoppakun's ("Plaintiff") First Amended Complaint ("FAC") for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). (Dkt. No. 27.) Having considered the papers filed in support of this Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Because Plaintiff has failed to effectuate timely service on Bleier pursuant to Federal Rule of Civil Procedure 4, the Court **GRANTS** Defendant's Motion to Dismiss.

  Initially, the Court notes that Central District of California Local Rule 7-9 requires an opposing party to file an opposition to any motion at least twenty-one (21) days prior to the date designated for hearing the motion. C.D. Cal. L.R. 7-9. Additionally, Local Rule 7-2 provides that "[t]he failure to file any required paper, or

the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

The hearing on Defendant's Motion was set for April 9, 2012. Plaintiff's opposition was therefore due by March 19, 2012. As of the date of this order, Plaintiff has failed to file an opposition, nor any other filing that could be construed as a request for a continuance. Plaintiff's failure to oppose may therefore be deemed consent to the granting of Defendant's Motion. Nevertheless, the Court proceeds to remark briefly on the procedural background of this case and substantive merits of Defendant's Motion.

On September 28, 2011, Plaintiff filed a Complaint in this Court alleging various claims against American Exprss Bank and Bleier arising out of a default judgment entered against him by American Express for an account Plaintiff claims was fraudulently opened in his name. (Compl. ¶ 7.) Plaintiff's Complaint alleged, among other things, claims for unfair debt collection practices, fraud, defamation of credit, RICO, and intentional infliction of emotional distress.

On November 28, 2011, American Express filed a motion to dismiss Plaintiff's Complaint, which Plaintiff failed to oppose. (Dkt. Nos. 7, 13.) Accordingly, on January 10, 2012, the Court granted American Express's motion to dismiss and granted Plaintiff ten days' leave to amend. (Dkt. No. 15.) On January 18, 2012, Plaintiff successfully filed his First Amended Complaint ("FAC") within the ten days granted for leave to amend. (Dkt. No. 16.) On February 3, 2012, Defendant American Express filed a motion to dismiss Plaintiff's FAC, which the Plaintiff again failed to oppose. (Dkt. No. 21.) However, the Court considered the merits of American Express's motion and again dismissed Plaintiff's claims against American Express, this time with prejudice. (Dkt. No. 25.)

On March 1, 2012, Bleier filed the instant Motion to Dismiss Plaintiff's FAC, which Plaintiff unsurprisingly failed to oppose. (Dkt. No. 27.) This marks the third time Plaintiff has failed to oppose a motion to dismiss in this action. It is now quite

apparent that Plaintiff's counsel is neither interested in engaging in motion practice nor in prosecuting his client's claims against either Defendant. Nevertheless, the Court has carefully considered Bleier's arguments in support of its motion and agrees that Plaintiff has failed to effectuate proper service of process upon Bleier within the time provided under Rule 4(m).

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Federal Rule of Civil Procedure 4." *Travelers Cas. and Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009). Under Federal Rule of Civil Procedure 12(b)(5), a defendant is permitted to challenge the method of service attempted by the plaintiff. "Where the validity of service is contested by a Rule 12 motion, the burden is on plaintiff (the party claiming proper service has been effected) to establish the validity of service." *Larson v. Conewango Prod., Corp.*, No. CV F 09-1060 LJO SMS, 2010 WL 1135987, at *2 (E.D. Cal. Mar. 22, 2010) (quoting *Norlock v. City of Garland*, 768 F.2d 654, 656 (5th Cir. 1985)). Furthermore, "[i]f a defendant is not served within 120 days after the complaint is filed, the Court . . . must dismiss the action or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

While Plaintiff has submitted a Proof of Service to the Court as to American Express (Dkt. No. 1-1), Plaintiff has failed to file any Proof of Service as to Bleier. Defendant argues that although "Bleier received the Summons and Complaint via certified first-class mail on October 3, 2011, service by mail is *not* permissible on individual defendant (sic) nor corporations, partnerships or associations." (Mot. at 6.)

Defendant is correct that Rule 4 does not permit bare service by mail. Rather, Federal Rule of Civil Procedure 4(d) provides for waiver of service, which essentially amounts to service by mail with specific additional requirements. Pursuant to Rule 4(d), a party may request waiver of service of process by notifying the defendant in writing that an action has been commenced and requesting that defendant waive service of a summons. The writing must be accompanied by a copy of the complaint,

*two copies of a waiver form*, and a prepaid means for returning the form. Fed. R. Civ. P. 4(d)(1)(C). If Plaintiff is unable to obtain waiver after providing defendant a reasonable time of at least thirty days after the request was sent, Fed. R. Civ. P. (d)(1)(F), Plaintiff must seek to accomplish personal service on Defendant, and the court must, absent a showing of good cause, impose on the defendant the expenses later incurred in making such service. Fed. R. Civ. P. 4(d)(2).

Additionally, Federal Rules of Civil Procedure 4(h)(1)(A) and 4(e)(1) permit service on corporations, partnerships, and associations in accordance with state law. California Code of Civil Procedure section 415.30 provides for service by "notice and acknowledgement," which is substantially similar to waiver of service under Rule 4(d). Notably, as with Rule 4(d), section 415.30 requires that the summons and complaint be mailed together with two copies of the notice and acknowledgement set forth in the statute.

Bleier principally argues that Plaintiff's service by first class mail was insufficient to comply with Rule 4(d) or section 415.30 because "Plaintiff made no attempt to request waiver of service from Bleier." (Mot. at 8.) Defendant further contends that his actual notice of the FAC filed against it does not cure any defects in service. (*Id.*) The Court agrees. Absent strict compliance with Rule 4(d) or section 415.30, service of a summons and complaint by mail does not constitute proper service on a defendant, even if that defendant has actual notice that a complaint has been filed against that defendant. *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 852 (9th Cir. 1992) ("[E]ven if the defendant receives actual notice by mail, service is ineffective unless the defendant timely returns the acknowledgment form or the plaintiff attempts follow-up service by some other method.")

Because Plaintiff did not comply with the requirements for waiver of service, under the Federal Rules or notice and acknowledgement under California Code of Civil Procedure section 415.30, Plaintiff's mere act of "serving" a copy of the summons and complaint on Bleier via first-class mail does not amount to proper

service under Rule 4. Moreover, even had Plaintiff complied with the specific requirements for waiver of service or notice and acknowledgement, it does not appear as though Bleier has in fact waived service, and Plaintiff has not yet personally served Bleier.

Plaintiff filed his original Complaint on September 21, 2011; thus, as of the date of this Order, 185 days have elapsed since the filing of this action without proper service being made on Bleier. Further, Plaintiff's filing of a FAC on January 23, 2012 does not toll or extend the time for service of defendants named in the original Complaint. *Bolden v. City of Topeka*, 441 F.3d 1129, 1148 (10th Cir. 2006) ("[T]he 120–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint.") Accordingly, because Plaintiff failed to serve Bleier within the 120 days provided for under Rule 4(m), Plaintiff's claims against Defendant Bleier are **DISSMISSED WITHOUT PREJUDICE** for failure to effectuate proper service. Plaintiff may re-file this action against Bleier[1] if he so chooses.

**IT IS SO ORDERED.**

March 26, 2012

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff is reminded that his causes of action against American Express have been previously dismissed with prejudice (Dkt. No. 25). Accordingly, Defendant is limited to re-filing his claims in this matter against Bleier only.